**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ENRIQUE RIVERA-GALEANO, | No. 22-1828 |
| Petitioner, | Agency No. A088-173-405 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2025**
San Francisco, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.
Partial Dissent by Judge DESAI.

Edgar Enrique Rivera-Galeano petitions for review of an order from the

Board of Immigration Appeals ("BIA") affirming a decision by an Immigration

Judge ("IJ") denying his requests for withholding of removal and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We deny the petition.

"Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), . . . we review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review the agency's factual findings for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020)); 8 U.S.C. § 1252(b)(4)(B). We review constitutional claims de novo. *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003).

1. Rivera-Galeano has forfeited the opportunity to challenge the agency's denial of his withholding of removal claim. The IJ concluded that Rivera-Galeano's claim for withholding of removal failed because he had not established "that the government condoned the private actions or demonstrated the inability to protect [Rivera-Galeano] or his father-in-law." *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006) (recognizing that a withholding of removal claim requires persecution inflicted "by the government or by persons or organizations which the government is unable or unwilling to control" (internal quotation marks omitted)). Rivera-Galeano failed to challenge this conclusion

before the BIA, and he does not "specifically and distinctly" raise it before us. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (internal quotation marks omitted). He has therefore forfeited this dispositive issue. *Id.*

2. Substantial evidence supports the agency's determination that Rivera-Galeano did not qualify for CAT protection. The IJ concluded that there was "no evidence in the record, whether [Rivera-Galeano]'s testimony is found credible or not, to show that the government of Honduras condoned the actions of [the alleged killer] . . . or that the government of Honduras demonstrated an inability to protect" Rivera-Galeano. Although this finding pertained specifically to the withholding of removal claim, it reveals that the IJ considered the entire evidentiary record, including Rivera-Galeano's testimony. The IJ also reviewed the documentary evidence and concluded that it did "not establish that government officials would acquiesce or exhibit willful blindness to any possible torture." Rivera-Galeano has not identified evidence that compels a different conclusion.

3. To the extent that Rivera-Galeano argues that his due process rights were violated because the IJ failed to act as a neutral arbiter, his claim fails. Rivera-Galeano fails to establish that any error by the IJ caused him to suffer prejudice or affected the outcome of the proceedings. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).

**DENIED.**

*Rivera-Galeano v. Bondi*, No. 22-1828

DESAI, Circuit Judge, dissenting in part:

I concur in the majority's holding that Rivera-Galeano's due process claim fails, and I concur in the judgment denying Rivera-Galeano's withholding of removal claim on forfeiture grounds. I respectfully dissent from the majority's denial of Rivera-Galeano's claim for CAT relief.

A petitioner can establish a claim for CAT protection based on his credible testimony alone, based on his credible testimony plus other corroborating evidence, or based solely on documentary evidence even without credible testimony. 8 C.F.R. § 1208.16(c)(2), (3); *see also Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). Here, the IJ rejected Rivera-Galeano's CAT claim because he was not credible. The IJ and BIA also reviewed other evidence in the record "independently from" Rivera-Galeano's discarded testimony and held that the other evidence did not establish his CAT claim. But that conclusion assumes the IJ and BIA properly disregarded Rivera-Galeano's testimony. Thus, whether Rivera-Galeano is entitled to CAT relief turns on the IJ's and BIA's adverse credibility findings.

The majority tries to sweep this error under the rug by claiming that the IJ's findings for Rivera-Galeano's withholding of removal claim extended to his CAT claim. Maj. at 3. The majority unpersuasively reasons that because the IJ reviewed Rivera-Galeano's testimony and the evidentiary record for his withholding claim,

1

we can somehow infer that the IJ considered both for his CAT claim as well. Maj. at 3. Not only is the majority's assertion unsupported by the law, *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021), it is directly contradicted by the IJ's express statements that he reviewed the evidentiary record "*independently*" from Rivera-Galeano's testimony. The IJ also solely relied on documentary evidence to deny Rivera-Galeano's CAT claim.

Unable to confront the agencies' erroneous adverse credibility determinations, the majority pretends that the issue does not exist and refuses to address it altogether. But the majority cannot run away from the key evidence in the record that makes plain that at least one of the two grounds underlying the agencies' adverse credibility determinations is not supported by substantial evidence. Rivera-Galeano testified that he and his brother-in-law went to the morgue to identify his father-in-law's body. The IJ and BIA found that this testimony contradicted Rivera-Galeano's brother-in-law's declaration, which did not place Rivera-Galeano at the morgue. Not so. The declaration states: "My mother, brother-in-law Edgar, and I immediately went to the company to demand to know what happened to my father." It then describes events that unfolded at the company. Next it states: "We then went to the morgue to identify my father's body." The reference to "we" in the declaration confirms Rivera-Galeano's testimony that he went to the morgue with his brother-in-law. And there is no evidence indicating that Rivera-Galeano left at some point between the time

they went to the company and went to the morgue. Because this alleged "inconsistency" involved a key event and is one of only two inconsistencies the IJ and BIA identified, it "all but gut[s] the BIA's adverse credibility determination." *Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021).

Thus, "[b]ecause so little remains in support of the adverse credibility finding"—on which the agencies' denial of CAT relief turns—I would grant the petition and remand to the BIA to determine whether the single remaining inconsistency is sufficient to support an adverse credibility finding. *See Kumar*, 18 F.4th at 1153, 1155–56; *see also Barseghyan v. Garland*, 39 F.4th 1138, 1141 (9th Cir. 2022) (explaining we must remand for the agency "to determine in the first instance whether the remaining inconsistency is sufficient to support the adverse credibility determination."). I would also remand to the BIA to determine whether Rivera-Galeano is eligible for CAT protection after it reassesses his credibility and considers the totality of the circumstances. *See Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018) (explaining that the agency must consider "all evidence relevant to the possibility of future torture," including "the petitioner's testimony" (citation omitted)).

I respectfully dissent in part.